

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-28-2003

# USA v. Walker

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-4027

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Walker" (2003). *2003 Decisions*. Paper 186.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/186

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-4027

UNITED STATES OF AMERICA,

v.

MICHAEL SCOTT WALKER,

Appellant

On Appeal from the United States District Court
for the District of Delaware
(Dist. Court No. 93-cr-00024)
District Judge: Hon. Gregory M. Sleet

Submitted Under Third Circuit LAR 34.1(a)
October 15, 2003

Before: SLOVITER, ROTH and CHERTOFF, Circuit Judges

(Filed: October 28, 2003)

OPINION

CHERTOFF, Circuit Judge

Defendant Michael Scott Walker appeals from the District Court's judgment

1

sentencing him to three years imprisonment for violating a condition of his supervised release. Defendant's counsel, Steven A. Feldman, has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967) and Third Circuit Local Appellate Rule 109.2(a) in which he represents that there are no nonfrivolous grounds for an appeal. Feldman accompanies his Anders brief with a motion requesting permission to withdraw as Walker's attorney. We will affirm the District Court's judgment and grant counsel's motion to withdraw.

Our role here is twofold—we must (1) determine whether counsel complied with Local Appellate Rule 109.2(a) and submitted an adequate brief; and (2) independently review the record for any nonfrivolous issues. See United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001). Upon considering counsel's submission, we are satisfied that he has thoroughly scoured the record in search of appealable issues and explained why the issues are frivolous. See United States v. Marvin, 211 F.3d 778, 780 (3d Cir. 2000). Consequently, counsel's brief guides our independent review of the record. See Youla, 241 F.3d at 301.

Walker's counsel has identified three potential bases for appeal: (1) Walker was incompetent at his hearing; (2) the District Court erred by finding that Walker violated a condition of his supervised release; and (3) the District Court erred by sentencing Walker to a term of imprisonment (three years) outside the Sentencing Guidelines' recommended range (six to twelve months). We agree with counsel that these are not nonfrivolous grounds for appeal.

2

First, there is no basis in the record to conclude that the District Court committed clear error when it adjudged Walker competent to enter a plea. See Govt. of V.I. v. Williams, 892 F.2d 305, 312 (3d Cir. 1989) (district court's determination as to a defendant's competence reviewed for clear error). The District Court engaged defendant in sufficiently extensive colloquy, and defense counsel answered in the affirmative when the District Court asked if his client was competent. Moreover, there is no evidence in the record of any irrational statements or inappropriate acts by defendant.

Second, the District Court did not commit clear error by finding that a preponderance of the evidence established that defendant violated a condition of his supervised release—Walker admitted to using illegal drugs and his urine tested positive for cocaine twice. See 18 U.S.C. 3583(e)(3) (judge must find a violation of a condition of supervised release by a preponderance of the evidence); see also United States v. Loy, 237 F.3d 251, 260 (3d Cir. 2001); United States v. Blackston, 940 F.2d 877, 879 (3d Cir. 1991) (district court's findings of fact at revocation hearing reviewed for clear error).

Finally, the District Court's decision to disregard the Guidelines' recommended range and sentence defendant to the three years imprisonment does not provide a nonfrivolous basis for appeal. Pursuant to 18 U.S.C. § 3583(e), a court may require a defendant who violates a condition of his supervised release to serve a term of imprisonment—a maximum of three years if the offense that resulted in the term of supervised release was a class B felony. See 18 U.S.C. § 3583(e)(3). The ranges set forth

3

in U.S.S.G. § 7B1.4 (Policy Statement) are advisory and do not bind a court. <u>See</u> <u>United States v. Schwegel</u>, 126 F.3d 551, 551 (3d Cir. 1997). We review a court's decision to exceed the policy statement range for an abuse of discretion. <u>Id.</u> at 555.

The District Court noted that the policy statement called for a sentence of six to twelve months. The Court determined, however, that a longer sentence was necessary to give Walker sufficient time and treatment in custody to recover from his drug addiction. The District Court acted well within the bounds of its discretion.

For the foregoing reasons, the judgment of the District Court will be affirmed, and we will grant Steven A. Feldman's motion to withdraw.

_____

TO THE CLERK:

Please file the foregoing opinion.


  /s/ Michael Chertoff
United States Circuit Judge

4